**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SABIL M. MUJAHID, | No. 13-36014 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00186-TMB |
| v. | |
| DEBBIE MILLER, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 11, 2015
Anchorage, Alaska

Before: SCHROEDER, RAWLINSON, and MURGUIA, Circuit Judges.

Sabil M. Mujahid (Mujahid), appeals the district court's dismissal of his

petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In

the petition, Mujahid challenged a disciplinary proceeding finding him guilty of

disobeying a direct order to cease talking with another inmate.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Mujahid is challenging conditions of his confinement that occurred some time in the fairly distant past, in a facility where he is no longer housed. In addition, Mujahid concedes that he lost no good-time credits because of his disciplinary segregation. Accordingly, because Mujahid does not challenge the duration of his confinement or an ongoing increased restriction on the conditions of his confinement, habeas relief is not available to address Mujahid's challenge. *See Nettles v. Grounds*, 788 F.3d 992, 999-1000 (9th Cir. 2015) ("[H]abeas jurisdiction is available only for claims that, if successful, would have some shortening effect on the length of a person's custody . . . ."); *id*. at 1004 (same for claims involving "greater restrictions of . . . liberty"); *see also Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) ("[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus, and may be brought, if at all, under § 1983 . . . .") (citations omitted).

**AFFIRMED.**